UNITED STATES of America, Appellee,

v.

Gregory HARLEY, Appellant.

No. 91–3067.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1993.

Decided April 20, 1993.

Allen E. Burns, Asst. Federal Public Defender, with whom A.J. Kramer, Federal Public Defender, was on the brief, for appellant.

William M. Sullivan, Jr., Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., were on the brief, for appellee.

Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Appellant Gregory Harley was indicted on one count of possessing five or more grams of cocaine base with intent to distribute (count 1) and one count of possessing marijuana with intent to distribute (count 2). A jury convicted Harley on count 2 and on a lesser included offense of count 1, namely simple possession of cocaine base, and the district court sentenced

Harley to concurrent sentences of 78 months on the two counts. Harley appeals his convictions on several grounds and challenges his sentence on count 2 on the ground that it exceeds the statutory maximum. For the reasons set out below, we affirm Harley's convictions *in toto* but remand for a reduction of his sentence on the marijuana count.

First, Harley challenges admission of the cocaine base and the marijuana on which his convictions were based. On October 9, 1990, following an evidentiary hearing, the district court orally denied Harley's motion to suppress that evidence, stating simply "Motion denied." Harley now challenges the denial, asserting the drugs are the fruit of an unlawful automobile search. Although the district court failed to state on the record its essential findings of fact as required under Rule 12(e) of the Federal Rules of Criminal Procedure, Harley has waived his right to challenge that omission by failing to object below. *United States v. Caballero*, 936 F.2d 1292, 1296 (D.C.Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992); *United States v. Williams*, 822 F.2d 1174, 1177 n. 39 (D.C.Cir.1987). Thus, any factual disputes must be resolved in favor of admissibility and we must uphold the denial of Harley's motion if any reasonable view of the evidence supports it. *Williams*, 822 F.2d at 1177 n. 39; *United States v. Allen*, 629 F.2d 51, 57 n. 5 (D.C.Cir.1980); *United States v. Lindsay*, 506 F.2d 166, 170 (D.C.Cir.1974); *Scarbeck v. United States*, 317 F.2d 546, 562 (D.C.Cir.1962).[1] The gov-

---

1. In *United States v. Williams*, 951 F.2d 1287 (D.C.Cir.1991), the court acknowledged these authorities but nevertheless reversed and remanded the summary denial of a motion to suppress where two of the arguments advanced by the government to support an allegedly unlawful search and seizure—consent and reasonable suspicion ripening into probable cause—had not been raised below and the third—probable cause ab initio—the court was "inclined to doubt" existed. The court explained that it was electing to "exercise [its] inherent power to supervise the district courts" by remanding the record for factual findings and legal conclusions while retaining jurisdiction over the appeal. Following *Williams*, this court similarly

remanded the record for clarification of the district court's legal conclusions and factual findings in *United States v. Dale*, No. 91–3228 (D.C.Cir. Jan. 8, 1993). See *United States v. Dale*, 991 F.2d 819 (D.C.Cir.1993) (citing remand order). The court there also made it clear, however, that its action was exceptional. The court acknowledged its authority to "sustain the district court's decision 'if there is any reasonable view of the evidence that will support it'" but "declin[ed] to exercise this option" because "to exhaust all possibilities that error may have been committed would require an inordinate amount of time and effort on the reviewing court's part." This case presents no such excep-

ernment has offered two legal theories, both below and here, to support admissibility of the contraband: (1) it was discovered during a legal automobile search supported by probable cause and (2) it was discovered during a lawful weapons search incident to an investigative stop supported by reasonable suspicion. Because the evidence supports the first ground, we affirm the denial of Harley's motion and uphold admission of the challenged evidence.

A reasonable view of the suppression hearing evidence reveals the following facts supporting the district court's denial. At about 11:00 a.m. on April 8, 1990, Sergeant John Noon, while manning an "observation post" in a high drug trafficking area in the District of Columbia, saw a man, later identified as McKinley Nelson, conduct three apparent exchanges within a few minutes, on each occasion handing an object over to a different individual in exchange for money. A few minutes later, Noon saw a black Subaru pull up alongside Nelson who, after a short conversation with the car's driver and only occupant, appellant Harley, got into the front passenger seat. The car then departed.

When Noon saw the car leave, he radioed Sergeants Andrew J. Genua and Kenneth Brown, who were nearby in an unmarked car, that he had witnessed the passenger of a black Subaru with District of Columbia license plates participating in narcotics transactions. Genua and Brown spotted the car nearby, stopped at a traffic light, and began to follow it. When the Subaru stopped alongside some parked cars, Genua drove in front of it to prevent its departure. According to Genua's testimony, Brown then warned him: " 'He put something under the seat' and then to the effect he may have a gun, be careful." Suppression Hearing Transcript 13. Both officers then got out of their car with revolvers drawn.

The officers ordered both Harley and Nelson from the Subaru and Brown opened the driver's side door for them to exit. After the two men were placed "spread eagle" against the car and patted down, Brown reached underneath the driver's seat and recovered what he believed to be cocaine.

The trial testimony revealed the following additional material facts: first, while pursuing the Subaru, Brown had observed Harley reaching under the seat—he had "leaned forward; and his left hand made a motion downward—his left arm I should say, no this hand— ... as if he was placing something underneath the seat," Trial Transcript (Tr.) 117; second, what Brown in fact removed from beneath the seat was a brown paper sack containing two film canisters and a plastic bag filled with white powder; and third, Genua later found a large plastic bag containing 183 ziplocks of marijuana in the sleeve of a leather coat in the back seat of the car.

 The foregoing facts support the conclusion that Brown and Genua had probable cause to arrest Nelson and Harley when they ordered the two from the Subaru and were thereafter justified in searching the entire automobile compartment. Nelson's observed participation in three quick cash sales in a high drug traffic area coupled with Harley's later evasive action, concealing the bag under the seat when he noticed the officers following him, created probable cause to arrest the two for drug distribution. *Cf. United States v. Green,* 670 F.2d 1148 (D.C.Cir.1981) (affirming finding of probable cause to arrest defendant observed participating in a single "typical 'two-party drug transaction' " in a high drug traffic neighborhood and later taking evasive action to discard a bag containing drugs when approached by police officers). Further, once they had lawfully arrested Nelson, the officers were entitled, as an incident of the arrest, to search the automobile's passenger compartment and to examine the contents of any containers within it, including the paper sack and the jacket. *New York v. Belton,* 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864–65, 69 L.Ed.2d 768 (1981). Accordingly, we affirm the dis-

---

tional circumstances to justify remand. Both of the arguments made by the government here were also raised before the district court and, as

explained below, we can readily affirm the denial based on one of those arguments.

trict court's denial of the motion to suppress the drugs.[2]

■ Next, Harley asserts he was denied a fair trial because of certain opinion testimony offered by an expert police witness. Specifically, Harley objects that the prosecutor "posed a hypothetical situation precisely like the facts before the jury, right down to the black Subaru, and then led the witness to testify that a driver such as Mr. Harley would appear to be a 'holder,' who was 're-upping' the cocaine and marijuana supplies of his busy street 'runners.'" Brief of Appellant at 25. Harley's burden here is doubly heavy. First, the district court's decision to admit expert testimony can be reversed only for abuse of discretion. *United States v. Lancaster*, 968 F.2d 1250, 1255 (D.C.Cir.1992) (citing *United States v. Dunn*, 846 F.2d 761, 763 (D.C.Cir. 1988)). Second, because Harley failed to object to the testimony below on the ground raised here,[3] we can reverse only if admission of the testimony was plain error. *See United States v. Smith*, 490 F.2d 789, 794–95 (D.C.Cir.1974). We conclude that Harley has failed to meet either standard. This court has repeatedly upheld admission of expert testimony regarding narcotics distribution methods when "calculated to 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Lancaster*, 968 F.2d at 1255 (quoting Fed.R.Evid. 702); *see also United States v. Dunn*, 846 F.2d at 763 ("Federal courts often permit experts to testify on narcotics operations because jurors are commonly unfamiliar with the methods by which drug dealers attempt to conceal their activities."). We do so here as well. The expert testimony below, elicited through a hypothetical question, described for the jury the operation of a particular distribution scheme in which a "holder" maintains a cache of narcotics in his car and supplies them as needed to one or more "runners" who actually sell the drugs on the street. The expert further observed that Harley's conduct was consistent with that of a holder. *See* Tr. 228–31. While the prosecutor's hypothetical may have contained more factual detail than necessary, we cannot say that for that reason admission of the otherwise useful testimony was either an abuse of discretion or plain error.[4]

■ Third, Harley asserts ineffective assistance of counsel in his trial lawyer's failure to object to a jury charge on the lesser included offense of simple possession of cocaine base. Harley reasons that simple possession was not a *lesser* included offense of possession with intent to distribute, under the particular circumstances here, because the potential sentencing range for each offense was the same; a lesser included offense, Harley contends, must carry a lower penalty than the greater offense of indictment. We find this reasoning unpersuasive. Federal Rule of Criminal Procedure 31(c), which authorizes

---

**2.** The facts here differ materially from those in *United States v. Williams*, 951 F.2d 1287 (D.C.Cir.1991), in which the court was "inclined to doubt" that an officer's observation of the defendant handing a "small object" to someone in exchange for another "small object" "amounted to probable cause." In *Williams*, there was but a single transaction and, as the court noted, the observing officer was located in a moving van 25–75 feet away from the transaction and "[e]ither he could not tell what 'specifically' was being exchanged or he saw [the defendant] hand over a 'dime size' or 'quarter size' object having a 'glassy appearance' similar to crack cocaine," and "thought the object [the defendant] received was either 'the size of U.S. currency' or of a bill folded in half." *Id.* at 1288. In addition, in *Williams*, there was no subsequent corroborating evasive action.

**3.** Harley's lawyer objected: "It is not a proper basis. It is not in evidence." He then argued:

"Hypothetical questions, your Honor, must be based on facts in evidence." Tr. 228–29.

**4.** Harley also claims his counsel's failure to object on the proper ground below constituted ineffective assistance of counsel. Initially, we doubt that counsel's selection of a different ground for objecting can be characterized as "professionally unreasonable" so as to be deficient. In any event, Harley has failed to meet his burden of demonstrating a "reasonable probability" that objecting instead on the ground raised here would have affected the court's decision to permit the testimony (which we have found not to be an abuse of discretion) much less that it would have altered the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984).

submission of a lesser included offense to the jury, provides simply that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." In applying this rule courts have focussed not on the penalties of the two crimes involved but on their elements.[5] Thus, the Supreme Court has stated that a lesser included offense charge is proper when "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989); *see also Kelly v. United States*, 370 F.2d 227, 228 (D.C.Cir.1966) ("For a lesser offense to be 'necessarily included' in the offense charged it 'must be such that the greater offense cannot be committed without also committing the lesser.'") (quoting *Crosby v. United States*, 339 F.2d 743, 744 (D.C.Cir.1964)). We see no reason to create the additional and novel requirement that the penalty for the lesser offense be lower than that for the greater.[6] Accordingly, we hold the lesser included offense charge was proper and that counsel's failure to object therefore did not constitute ineffective assistance of counsel.

Finally, Harley asks us to remand for resentencing because the concurrent 78–month sentence he received on the marijuana count exceeds the statutory maximum. We agree, as does the government, that this contention is correct and therefore conclude that resentencing on count 2 is required. *See* 21 U.S.C. § 841(b)(1)(D) (establishing maximum five-year prison term for possessing with intent to distribute less than 50 kilograms of marijuana).

---

**5.** In *United States v. Cady*, 495 F.2d 742, 747 (8th Cir.1974), the Eighth Circuit did state that a lesser included offense must have "a lighter penalty attached to it than does the charged offense," but that remark was dictum. In discussing whether larceny is a lesser included offense of bank robbery by use of a dangerous weapon, the court addressed only the elements of the two offenses, not their penalties.

**6.** Focussing on the elements alone is consistent with the purpose underlying the lesser included

For the preceding reasons, we affirm appellant Harley's convictions but remand with the instruction to reduce the marijuana count sentence to the statutory maximum or below.

*So Ordered.*

offense doctrine which "'developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged.'" *Schmuck*, 489 U.S. at 717 n. 9, 109 S.Ct. at 1451 n. 9 (quoting *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980)); *see also Kelly*, 370 F.2d at 229 ("The [lesser included offense] doctrine evolved at common law to prevent the prosecution from failing where some element of the crime charged was not made out.").