**UNITED STATES of America**

v.

**Dennis MICHAEL, Appellant.**

**No. 92–3108.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 30, 1993.

Decided Dec. 3, 1993.

Beth S. Brinkman, Assistant Federal Public Defender, Washington, DC, argued the cause for appellant. With her on the briefs were A.J. Kramer, Federal Public Defender and Michael C. Wallace, Sr., Asst. Federal Public Defender, Neil Jaffee, Asst. Federal Public Defender, entered an appearance.

Mary–Patrice Brown, Asst. U.S. Atty., Washington, DC, argued the cause for appellee. On the brief for appellee were Jay B. Stephens, U.S. Atty. at the time the brief was filed, John R. Fisher, Robert C. Little and Linda L. Mullen, Asst. U.S. Attys.

Before: SILBERMAN, BUCKLEY and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

On Appellant's Petition For Rehearing

STEPHEN F. WILLIAMS, Circuit Judge:

Dennis Michael was arrested when the police uncovered a 26.75 gram object in his sock during a consensual search of his person. Later testing revealed the presence of cocaine base. He was indicted on one count of violating 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii), for possession with intent to distribute 5 grams or more of a substance containing a detectable amount of cocaine which also contains cocaine base.[1] Over the defendant's objection, the trial judge instructed the jury that it could find him guilty of simple possession of cocaine base under 21 U.S.C. § 844(a) as a lesser included offense. The jury acquitted Michael of possession with intent to distribute but convicted him of possession of 5 or more grams of cocaine base. The trial court sentenced Michael to 70 months in prison—a sentence permissible under § 844(a) only if the drug in question was cocaine base.

On appeal Michael argued (among other things) that the trial court erred in submitting the simple possession charge to the jury as a lesser included offense. He urged that conviction under § 844(a) for possession of cocaine base required an element missing from § 841(a)—proof that the substance was cocaine base. Thus the elements of § 844(a) were not, he argued, a subset of those of § 841(a), as required by Federal Rule of Criminal Procedure 31(c) for conviction of an uncharged crime. Cf. *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). In an unpub-

lished memorandum and order issued May 20, 1993, we rejected his claim and affirmed the conviction. *United States v. Michael*, 995 F.2d 306 (D.C.Cir.1993). We construed § 844(a)'s references to cocaine base simply to authorize the judge to enhance the sentence, rather than to establish a separate crime of possession of cocaine base. Cf. *Patrick*, 959 F.2d at 996 n. 5 (under 21 U.S.C. § 841 the quantity of a controlled substance is a matter for sentencing only). On this view, the only crime created by § 844(a) was possession of a controlled substance, an offense plainly included within the offense of possession with intent to distribute under § 841(a).

■ On petition for rehearing and reconsideration, we now reject our earlier disposition. The first sentence of § 844(a) indeed establishes the crime of possession of a controlled substance, and that is a lesser included offense within § 841(a). We conclude, however, that the third sentence of § 844(a), for which Michael was convicted, creates an independent crime of possession of cocaine base, which is not included within § 841(a).[2] Accordingly, we reverse and remand for further proceedings consistent with this opinion.

\* \* \*

Section 844 provides:

(a) [1] It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. [2] Any person who violates this subsection may be sentenced to a term of imprisonment of not

---

1. Section § 841(a) criminalizes possession of *any* controlled substance, while § 841(b) appears to provide sentence enhancements depending upon the nature and quantity of the substance possessed. See *United States v. Patrick*, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992) (under 21 U.S.C. § 841 the quantity of a controlled substance is a matter for sentencing only).

2. This case raises this precise question for the first time in this circuit. While we have upheld convictions based on the third sentence of

§ 844(a) as lesser included offenses of § 841(a), see, e.g., *United States v. Harley*, 990 F.2d 1340, 1343–44 (D.C.Cir.1993); *United States v. McKie*, 951 F.2d 399 (D.C.Cir.1991), the defendants failed to raise the issue presented here. The same is true of *United States v. Gibbs*, 904 F.2d 52, 58 (D.C.Cir.1990) (reversing for failure to submit a lesser included offense instruction), where we referred in dictum to the crime of "simple possession of cocaine" as a lesser included offense of possession with intent to distribute.

more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug or narcotic offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500, except, further, that if he commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug or narcotic offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. [3] Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, [a] if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams, [b] if the conviction is after a prior conviction for the possession of such a mixture or substance under this subsection becomes final and the amount of the mixture or substance exceeds 3 grams, or [c] if the conviction is after 2 or more prior convictions for the possession of such a mixture or substance under this subsection become final and the amount of the mixture or substance exceeds 1 gram....

21 U.S.C. § 844(a) (1988 & Supp. IV 1992) (bracketed numbering and lettering added).

Before 1988, the statute contained the first two sentences but not the third. The first sentence describes the general prohibition against possessing controlled substances. The second establishes a penalty scheme for various persons who violate the prohibitions of the first sentence, depending upon their prior convictions for similar offenses. Thus the second sentence parallels the language of the penalty provisions in 21 U.S.C. § 841(b);

it details punishment levels for first-time offenders and recidivists "who violate[ ] this subsection"—where "this subsection" clearly refers back to the first sentence of § 844(a), criminalizing possession of a controlled substance.

In 1988 Congress added the third sentence, singling out possession of cocaine base for especially harsh penalties. Here Congress used language rather different from that of the penalty provisions of § 841(b) or the second sentence of § 844(a). Instead, the amendment penalizes any *"person convicted under this subsection for the possession of* a mixture or substance which contains *cocaine base."* § 844(a) (emphasis added). As a matter of simple grammar, the words "for the possession of ... cocaine base" appear to be a set of adverbial prepositional phrases used to modify the verb "convicted", suggesting that the conviction itself must encompass cocaine base.

Further, the 1988 amendment to § 844(a) is buried in one great paragraph, in contrast to the penalty section of § 841, which is clearly set off in subsection "(b)" and labelled "Penalties". This structural distinction counts against sentence enhancement classification generally, as other courts have observed. As the court in *United States v. Davis*, 801 F.2d 754 (5th Cir.1986), said of the since-amended prior-crimes portion of the Armed Career Criminal Act, 18 U.S.C. § 1202(a), "unlike typical sentence-enhancement statutes ... it is neither titled as a sentencing provision nor does it set out procedures for the sentencing hearing." *Id.* at 756. Cf. *United States v. Puryear*, 940 F.2d 602, 604 (10th Cir.1991) (relying on the structural differences between § 844 and § 841 to hold that § 844(a)'s provisions as to quantity create elements of separate crimes).

Nonetheless, this circuit has not treated this structural feature as conclusive. Indeed, we took note of *Davis* and rejected its conclusion for the very same provision of the Armed Career Criminal Act, conceding that § 1202(a) lacked all of what *Davis* identified as " 'common indicia of sentence-enhancement provisions,' e.g., an explicit reference to a conviction under section 1202(a), proce-

dures for a sentencing hearing, a penalty derived as a multiplier of another offense, or a title indicating that it is a sentence-enhancement provision." *United States v. Jackson*, 824 F.2d 21, 23 (D.C.Cir.1987).

Our approach in *Jackson* guides us here—though to a different result. The first sentence of § 1202(a) penalized the possession of firearms by prior felons, and the second sentence increased the minimum penalties available for a person who "possesses ... any firearm and who has three previous convictions." 18 U.S.C. § 1202(a) (Supp.1984).[3] Jackson claimed that the second sentence of § 1202(a) defined a separate offense for which he could not be punished without an indictment on that count. *Id.* at 22. After noting the ambiguity of the statute itself, *id.* at 23–24, we turned to the legislative history and to the special nature of the disputed prior-crimes provision, finding that both pointed toward sentence enhancement classification. *Jackson*, 824 F.2d at 24–26. Here, the legislative history supports sentence enhancement, though not as strongly as in *Jackson*, but the character of the factor to be classified does not.

First, the legislative history. The general tenor of the floor statements is ambiguous, but largely consistent with a congressional intent merely to enhance sentences for those offenders who possess 5 grams or more of cocaine base. Representative Shaw proposed adding the third sentence to § 844(a) as a floor amendment to the Anti–Drug Abuse Act of 1988.[4] In doing so, he characterized the amendment as one "which would increase the penalties for the possession of crack by lowering the amount, in grams, for which possession is considered a criminal offense." 136 Cong.Rec. H7704 (daily ed. Sept. 16, 1988).[5] He then went on to say that "crack is a drug dealer's dream—new customers are easily lured by its affordability and become hooked, allowing drug dealers across our Nation to build a[n] enormous market." *Id.* Noting that dealers would stash some of their crack "in trash cans in a city alley," *id.*, he pointed to the ways in which the amendment would enhance penalties even for very small amounts of crack where the defendant was a repeat offender. *Id.* Rep. DioGuardi, speaking immediately after Shaw, picked up the same theme, saying that dealers escaped severe punishment by "carry[ing] amounts below the possession amount of crack and cocaine which would trigger maximum penalties now on our books." *Id.* Nothing we can find in the legislative history appears to suggest affirmatively that Congress aimed to establish a new offense.

We note that there is some ambiguity in the remarks quoted. Even where a provision adds a new crime accompanied by severe penalties, it would hardly be startling for a member of Congress to characterize it as increasing penalties—which would in fact be one of its effects. Indeed, Shaw's remark that the amendment "would increase the pen-

---

3. The statute has since been recodified into two separate provisions. The first sentence of former § 1202(a) now appears at 18 U.S.C. § 922(g) while the second provision has been incorporated into the other penalty provisions of 18 U.S.C. § 924(c). This reenactment operated to overrule the holding in *Davis*. See *United States v. Affleck*, 861 F.2d 97 (5th Cir.1988).

4. Penalty enhancement was a general theme of the Anti–Drug Abuse Act, of which the amendment to § 844 was but a small part. See, e.g., 134 Cong.Rec. H7112 (daily ed. Sept. 7, 1988) (statement of Rep. Conte) ("On the demand side it increases our commitment to drug prevention through education, care and treatment, through greater penalties for drug users"); 134 Cong. Rec. S15991 (daily ed. Oct. 14, 1988) (statement of Sen. Weicker) ("On the law enforcement side, the Omnibus Anti–Substance Abuse Act stiffens civil and criminal penalties for drug-related

crimes"); 134 Cong.Rec. S16067 (daily ed. Oct. 14, 1988) (statement of Sen. Bumpers) ("The message Congress intends to send with this bill is that drug pushers and traffickers will find a life free of drugs much more desirable than the tough penalties and mandatory prison terms that face them if they remain in the drug trade").

5. Other statements in the debate reinforce Rep. Shaw's characterization: "[T]he law enforcement officers in my district are asking for these kinds of penalties," 134 Cong.Rec. H7705 (daily ed. Sept. 16, 1988) (statement of Rep. DioGuardi); "This is a sliding scale penalty act, ranging from 5 grams to 1," 134 Cong.Rec. H7706 (daily ed. Sept. 16, 1988) (statement of Rep. DioGuardi); "[W]e must get to these people with the harshest penalties possibl[e]," 134 Cong.Rec. H7706 (daily ed. Sept. 16, 1988) (statement of Rep. Shaw).

alties for the possession of crack by lowering the amount, in grams, for which possession is considered a criminal offense" seems implicitly to recognize the two characteristics as facets of a single act. Interestingly, the legislative history relied on in *Jackson* contained one remark free of this ambiguity—an assertion that "This bill would create no new Federal crime." *Jackson,* 824 F.2d at 25, citing 130 Cong.Rec. S13,080 (daily ed. Oct. 4, 1984). That one remark is not necessarily enough, however, to distinguish *Jackson.*

Here the factor to be classified as an element or a sentence enhancer is radically different from that at issue in *Jackson.* There, as we stressed, the factor was conviction of prior crimes, whose admission before the jury would be highly prejudicial yet permissible consistent with due process under *Spencer v. Texas,* 385 U.S. 554, 560–63, 87 S.Ct. 648, 651–53, 17 L.Ed.2d 606 (1967). *Jackson,* 824 F.2d at 25. Here the factor in question is the character of the drug, an aspect of the events associated with the crime itself and a fact that juries typically resolve. Although credibility is not usually a feature in determining the character of the drug, it may well be, where, for instance, the drugs in question have been destroyed, tampered with, or lost, or the defendant contests that the drugs put into evidence are those actually seized from him. See, for example, *United States v. McKie,* 951 F.2d 399 (D.C.Cir.1991) (police lost crack cocaine forming basis of charge against defendant, though there defendant had admitted he possessed crack). In view of the impact of sentence enhancement classification on the process of criminal justice—shifting the issue from jury to court and denying the defendant the benefit of the reasonable doubt standard, *McMillan v. Pennsylvania,* 477 U.S. 79, 85, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986)— we are reluctant to infer such classification in the absence of a reasonably clear statement from Congress, at least for a fact embedded in the statutory section defining the crime and closely related to the circumstances of the crime. Here we find no such clarity. Accordingly we must reverse.

We do not here attempt to classify the provisions of the third sentence of § 844(a) that vary the sentences depending upon the *quantities* of cocaine possessed (marked a, b, and c in brackets in the text quoted above). Cf. *Puryear,* 940 F.2d at 604 (finding them to create elements of the crime). We note that the language is quite different from that relating to cocaine base. See *supra* at 839– 840.

\* \* \*

■ Michael's conviction and sentence pursuant to the third sentence of 21 U.S.C. § 844(a) cannot stand. We can, however, see no obstacle to his resentencing for possession of a controlled substance under the first sentence of § 844(a). The crime created by that sentence, possession of a controlled substance, is a lesser crime included within possession of a controlled substance with intent to distribute. Michael was implicitly found guilty of it, for the jury found him guilty of possessing cocaine base, which is a controlled substance. 21 U.S.C. § 802(6) and § 812(c) Schedule II(a)(4). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*So ordered.*