UNITED STATES of America,
Plaintiff–Appellee,

v.

Damien HILL, Defendant–Appellant.

No. 99–1158.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 05, 1999.

Decided Nov. 12, 1999.

Andrew B. Baker, Jr. (argued), Office of U.S. Attorney, Dyer, IN, Joseph Alexis Cooley, Office of U.S. Attorney, Hammond, IN, for plaintiff–appellee.

James J. Nagy (argued), Munster, IN, for defendant–appellant.

Before POSNER, Chief Judge, and ESCHBACH and EVANS, Circuit Judges.

POSNER, Chief Judge.

■ The sole issue presented by this appeal is whether the defendant, convicted of possession with intent to distribute of crack cocaine, 21 U.S.C. § 841(a)(1), was entitled to an instruction that would have permitted the jury to convict him instead of the less grave offense of simple possession. 21 U.S.C. § 844(a). A defendant is entitled to an instruction on a "lesser included" offense only if there is enough evidence to permit a rational jury to conclude that he was guilty of it, *Schmuck v. United States*, 489 U.S. 705, 716 n. 8, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); *United States v. Chrismon*, 965 F.2d 1465, 1476–77 (7th Cir.1992), and there wasn't here. (And likewise the government if it requests such an instruction, as it will sometimes do out of concern that a jury forced to decide between acquittal and conviction of a very serious offense may opt for acquittal.) Although the quantity of crack seized when the defendant was arrested, 20 grams, was not so large as to compel an inference that he was a dealer, there was much other evidence of that, including the way the crack was packaged (it was in 73 separate bags and there were a number of empty bags as well), and the large amount of cash that Hill had in his possession when he was arrested, even though he had been lawfully employed for only a week. There was no evidence that he uses the stuff himself; rather than arguing that he is a user and that the 20 grams were intended to be consumed entirely by him, he denied possessing the crack at all. No rational jury could have found him guilty of simple possession on this record. If it believed him, it had to acquit him of any drug offense; if it disbelieved him, it had to convict him of possession with intent to distribute.

■ All this is obvious and we write only to clarify three recurrent issues in cases involving the question whether to give a lesser-included instruction. The first is the standard of appellate review of a refusal to give such an instruction. We do not have a published decision on the question, but the circuits that do have hold that review is for abuse of discretion. E.g., *United States v. Monger*, 185 F.3d

574, 576 (6th Cir.1999); *United States v. Duran*, 127 F.3d 911, 914 (10th Cir.1997); *United States v. Harrison*, 55 F.3d 163, 167 (5th Cir.1995). We don't put much stock in the precise verbal formulations of standards of appellate review. Basically there is deferential review and non–deferential (plenary) review, and whether deferential review is denominated for "abuse of discretion" or "clear error" or "substantial evidence" or any of the other variants (with the exception of "mere scintilla of evidence") that courts use makes little practical difference. *United States v. Boyd*, 55 F.3d 239, 242 (7th Cir.1995); *Johnson v. Trigg*, 28 F.3d 639, 643–44 (7th Cir.1994); *Morales v. Yeutter*, 952 F.2d 954, 957 (7th Cir.1991). The case for deferential review is strongest when the trial court or other first–line decision-maker has an advantage in determining the facts and when, because decision depends on the particular facts of the particular case, uniform treatment is inessential to maintaining the clarity and consistency of the legal rules themselves. *Salve Regina College v. Russell*, 499 U.S. 225, 233, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Pierce v. Underwood*, 487 U.S. 552, 561–62, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Door Systems, Inc. v. Pro–Line Door Systems, Inc.*, 126 F.3d 1028, 1031 (7th Cir.1997); *United States v. Mills*, 122 F.3d 346, 350 n. 5 (7th Cir.1997). This is such a case. The trial judge is in a better position to determine whether there is enough evidence to permit a rational jury to find the defendant guilty of the lesser offense, and since the determination will vary with the facts of the case, uniformity of outcome across cases is neither necessary nor feasible. Cases involving the determination of some constitutional issues, such as *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), including the quasi–constitutional issue of whether there was sufficient evidence to entitle the defendant to put a theory of defense before the jury, see, e.g., *United States v. Meyer*, 157 F.3d 1067, 1074 (7th Cir.1998), have allowed broader review because of the

weightier interests thought to be at stake when the Constitution is invoked, and thus those cases are distinguishable from the present one.

■ We next wish to reiterate this circuit's position that simple possession is indeed a lesser included offense of possession with intent to distribute, *United States v. Smith*, 34 F.3d 514, 520 (7th Cir.1994), contrary to what might appear to be the implication of *United States v. Michael*, 10 F.3d 838 (D.C.Cir.1993). A lesser included offense is simply an offense that requires proof of only a subset of the elements of the greater offense. *Schmuck v. United States, supra*; *United States v. Chrismon, supra*, 965 F.2d at 1477. This standard is satisfied in the case of simple possession because simple possession is possession with intent to distribute minus intent to distribute. However, as *Michael* explains, 21 U.S.C. § 844(a), along with punishing simple possession of a controlled substance (including crack), creates (in the third sentence of section 844(a)(1)) a separate crime of possession of crack. The requirement of that separate crime that the controlled substance be crack is not an element of the greater offense of possession with intent to distribute of a controlled substance.

■ Finally, resolving a possible tension between two previous decisions of this court, *United States v. Liefer*, 778 F.2d 1236, 1247 (7th Cir.1985), and *United States v. Rein*, 848 F.2d 777, 784 (7th Cir.1988), we hold that a defendant who, as in this case, presents an exculpatory defense (that he didn't possess the crack, let alone with intent to distribute it) is not entitled to a lesser-included instruction. See also *United States v. Brown*, 26 F.3d 119 (11th Cir.1994) (per curiam); *United States v. Thompson*, 994 F.2d 864, 866 (D.C.Cir.1993); *United States v. Gavin*, 959 F.2d 788, 792 (9th Cir.1992); *United States v. Miller*, 939 F.2d 605, 609 (8th Cir.1991). For then the only basis for conviction of the lesser included offense

would be the jury's finding that he was lying in denying his guilt of that offense. Such a rule would encourage perjury.

█ Actually the tension between *Liefer* and *Rein* is superficial, since in the latter case, which upheld the giving of the lesser-included instruction, it was the prosecutor rather than the defendant who requested it. The defendant cannot, by interposing an exculpatory defense, prevent the prosecutor from obtaining a lesser-included instruction in order to avoid the danger we noted earlier that a jury forced to choose between a harsh penalty and no penalty may choose the latter even though it is convinced of the defendant's guilt. See also *United States v. Payne,* 805 F.2d 1062, 1067 (D.C.Cir.1986).

AFFIRMED.