In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2432

United States of America,

Plaintiff-Appellant,

v.

Tuan Steward,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99-30215--G. Patrick Murphy, Chief Judge.

Argued November 9, 2000--Decided June 5, 2001


  Before Fairchild, Easterbrook, and Manion,
Circuit Judges.

  Fairchild, Circuit Judge.  Steward was
charged with possession with intent to
distribute cocaine base, crack, in
violation of 21 U.S.C. sec. 841(a)(1).
The jury acquitted him of that charge,
but found him guilty of the lesser
offense of possession of crack. The court
sentenced him to 21 months' imprisonment.
The government had sought imprisonment in
the range of 110 to 137 months and
appealed. We affirm.

  A citizen of Alton reported to police
that someone, later identified as Demond
Spruill, had been dealing in drugs all
afternoon, operating a black Ford Escort.
When a customer arrived in the area he
would enter the car with Spruill, the
vehicle would proceed a couple of blocks
while the transaction apparently
occurred, and the passenger would then
exit the vehicle. Later police officers
made a traffic stop of the vehicle.
Spruill was the driver, and Steward the
passenger. Officer Rathgeb approached
from the driver's side, and Officer Lane
from the front. Lane noticed that Steward
had a piece of yellow paper in his hand
and something else which he moved toward
his mouth. Lane ran to the passenger's
side of the car, reached inside and
applied pressure to Steward's throat,
trying to get him to spit out the

substance. Steward dropped the yellow piece of paper, and Lane saw him drop something else from his left hand. On cross-examination Lane testified that in his experience it is common for people to carry crack in a folded piece of paper because they don't want it to get pushed into the bottom of their pocket. Officer Rathgeb testified that he saw Steward successfully swallow an object and drop a yellow piece of paper. He saw Steward drop a clear plastic baggy with his left hand. It fell on the seat and later onto the console. He later found that the baggy contained three other plastic baggies, each containing a substance he believed to be crack cocaine. The parties later stipulated that it contained 8 grams of crack.

A government witness testified that 8 grams would amount to 40 doses and the prosecutor argued that Steward had bought 40 doses of crack and that quantity was evidence that he intended to sell it to others. The same witness testified on cross-examination that the three individual packages contained smaller rocks, and a purchaser could have picked out his rock. Defense counsel argued that Steward got into the car with Spruill, who handed him the bag. Steward picked out the rock he wanted and put it in his little piece of paper. The police appear and Steward puts the rock in his mouth to get rid of it, and gives the bag back to its owner, Spruill.

The jury convicted of possession on a verdict form referring to crack, but not stating a quantity. As Judge Murphy remarked at sentencing, the defense theory was that Steward was a mere buyer, a user, and "the jury thought that was the case also."

21 U.S.C. sec. 844(a) contains a number of authorizations of terms of imprisonment for simple knowing or intentional possession of controlled substances. These are not separated into paragraphs. We have held that the third sentence creates a separate crime of possession of crack, which is not a lesser included offense of possession with intent to distribute a controlled substance. United States v. Hill, 196 F.3d 806, 808 (7th Cir. 1999). The earlier sentences provide terms of imprisonment for possession of controlled

substances which vary in length according to prior convictions of drug offenses. If applied to Steward, with apparently more than two such convictions, the maximum imprisonment would be 3 years. We note that the court's instruction concerning the use of the verdict form as to the lesser offense of possession of crack appears to have been suggested by defendant, the point that the form of verdict should have called for a finding on possession of a controlled substance, rather than of crack, has not been argued here, and it may well be that Steward waived any such claim. The maximum term for possession of a controlled substance would be 3 years.

Steward did argue at sentencing that under the third sentence of sec. 844 the amount of crack possessed should have been charged and submitted to the jury. Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), had not been decided at the time of trial, but trial counsel relied on Jones v. United States, 526 U.S. 227 (1999). Judge Murphy rejected the argument that the amounts of crack set forth in sec. 844 were elements of the offense rather than sentencing factors. Apprendi was decided before briefs were filed on appeal, but appellate counsel did not mention it or the Jones point in his brief or at oral argument, except on inquiry by members of the panel. We consider a claim on the effect of Apprendi waived.

In paragraph 22 of the PSR, the probation officer computed a base offense level of 26 by assuming, incorrectly, that Steward had been convicted of possession of more than 5 grams of cocaine base, and applying U.S.S.G. sec. 2D1.1. Together with Criminal History Category V (not in dispute), this leads to a sentencing range of 110-137 months. There was clearly an error here in that the Statutory Index for 21 U.S.C. sec. 844(a) leads to Guideline 2D2.1, which in (a) provides a base offense level of 8 if the substance is crack. Subsection (b)(1), Cross References, provides that "If the defendant is convicted of possession of more than 5 grams of [crack], apply sec. 2D1.1 . . . as if the defendant had been convicted of possession . . . with intent to distribute." Although it is theoretically possible that one could be convicted of

possessing 8 grams intending only personal use, the proof and contention in this case make it very clear, as the trial judge recognized, that the jury convicted Steward of possession of only the small amount he swallowed. The 5-gram condition for applying U.S.S.G. sec. 2D1.1 was clearly not met.

In paragraph 17 of the PSR, the probation officer stated "it appears that the defendant's relevant conduct involved the possession of crack cocaine that he swallowed (quantity unknown) and the cocaine base in the form of crack cocaine (8.0 grams) that he admittedly had in his possession." Steward objected. The government argued at sentencing that Steward exercised control over the package when he dropped it in an attempt to hide it, and this was relevant conduct. Judge Murphy made oral findings that the defendant's contact with the drugs was momentary and that the government has not shown by a preponderance of the evidence that he ever had possession of the entire amount. He later made written findings that Steward was merely purchasing the small amount of crack which he put in his mouth when the police approached. He noted evidence that Steward was only one of Spruill's customers and found that Steward possessed less than 1 gram of crack.

In this court, the government argued again that Steward's holding of the package in his left hand, however fleetingly, the resulting control over it, and dropping it in hope of concealment established possession of it. Steward had cited United States v. Kitchen, 57 F.3d 516 (7th Cir. 1995), dealing with possession in the sense of criminal culpability, and reversing a conviction. Judge Murphy made several oral references to comments in Kitchen concerning lack of evidence "that the drug transaction was in any sense certain or complete." The government argues that Judge Murphy's finding that Steward did not possess the 8-gram package was clearly erroneous because these references showed his belief that he could not find possession without finding ownership. Kitchen surely does not stand for that proposition, and it is clear to us that Judge Murphy did not base his finding on it, but rather on his

conclusion that Steward held the package only momentarily, and for the purpose of selecting the crack he desired to purchase.

The probation officer included Steward's handling and dropping the 8-gram package as relevant conduct. It is not clear whether he understood that the jury had convicted Steward of possession of less than 5 grams. His reference to an admission by Steward of possession of the package could only be based on a highly ambiguous reference by Steward to "that dope." Neither the probation officer nor government counsel explain how, where the conviction was for possession of 5 grams or less, the handling, or even possession, of the 8-gram package would factor into the computation of the base offense level. U.S.S.G. sec. 2D2.1 clearly calls for a base offense level of 8 unless the defendant is convicted of possession of more than 5 grams. Presumably uncharged possession could augment the drug quantity under U.S.S.G. sec. 2D1.1(a)(3), after a conviction of possession of more than 5 grams, but nothing in the Guidelines suggests that where the conviction is for 5 grams or less, uncharged possession can be used to make up the difference.

The judgment is affirmed.