**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 8, 2010
Decided March 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2436

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 1:08-cr-00478 |
| JASON TOLEN, | |
| *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

A grand jury charged Jason Tolen with second degree murder for beating a fellow inmate to death. The case went to trial and a jury convicted Tolen of the lesser included offense of voluntary manslaughter. After adding an enhancement for obstruction of justice, the district court sentenced him to 180 months imprisonment. Tolen now appeals.

Tolen and Jason Katz were federal inmates at the Metropolitan Correctional Center (MCC) in Chicago, Illinois. Both men were serving the last few months of their sentences. On March 11, 2008, Tolen and Katz attended a prerelease class, the purpose of which was to educate inmates about issues they could face when they reentered society. Prior to class, an

inmate asked Tolen if he had told on another inmate for stealing laundry. Tolen responded that "He told on me, so I'm gonna tell on him." After the instructor came into the room, a different inmate informed the class that correctional officers were upstairs shaking down (thoroughly searching) the unit and that Tolen had gotten them all in trouble. Tolen then heard Katz say we just got done talking about "that snitch-ass bitch." Tolen took offense to Katz using the word "bitch," so Tolen said "What?" to Katz. Katz responded, "Yeah, you heard me, you snitch-ass bitch." Tolen told Katz to "say it to my face, bitch," and "I'll fuck you up." Katz told Tolen he did not want to fight and he didn't stand up as Tolen continued to yell at him. Even though Katz seemed to be backing down, Tolen walked to Katz's seat and punched him in the face about 20 times. The blows caused massive hemorrhaging in Katz's brain. Katz received CPR and medical attention before dying the next day.

A grand jury indicted Tolen for second degree murder and the case proceeded to a jury trial. While testifying in his own defense, Tolen admitted that he pummeled Katz in response to being called a bitch but denied that he intended to hurt him. The jury acquitted Tolen of murder in the second degree and convicted him of the lesser included offense of voluntary manslaughter. At sentencing, the district court added two offense levels for obstruction of justice based on Tolen's testimony that he did not intend to harm Katz. The district court then sentenced him to a term of 180 months, which is within the sentencing guideline range.

Tolen raises two issues on appeal. First, he contends that the district court abused its discretion by declining to instruct the jury concerning the additional lesser included offense of involuntary manslaughter. Second, he argues that the district court committed clear error by imposing a two-level enhancement for obstruction of justice based on his testimony that he did not intend to hurt Katz even though he repeatedly punched him in the face.

We review the district court's refusal to instruct the jury regarding the requested lesser included offense for abuse of discretion. *United States v. Hill*, 196 F.3d 806 (7th Cir. 1999). This means we will only reverse "where no reasonable person could take the view adopted by the trial court." *United States v. Hernandez*, 330 F.3d 964, 971 (7th Cir. 2003) (quoting *United States v. Hughes*, 970 F.2d 227, 232 (7th Cir. 1992)).

A defendant is entitled to a lesser included offense instruction if "there is enough evidence to permit a rational jury to conclude that he was guilty of it." *Hill*, 196 F.3d at 807. To find a defendant guilty of involuntary manslaughter, a jury must find that he killed without malice, "[i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful

act which might produce death." 18 U.S.C. § 1112(a). Under 18 U.S.C. § 113(6), any assault within the territorial jurisdiction of the United States which results in serious bodily injury to the victim is a felony. The parties stipulated to the MCC's territorial jurisdiction within the United States, and Tolen beat Katz to death, undoubtedly a serious injury. Therefore, no rational jury could find that the first clause of the statute applies.

In order for the second clause to apply, the defendant must have acted lawfully. Typically, this clause applies when a person engages in self-defense--a lawful act--but takes it too far. The facts make it very clear that Tolen did not kill Katz in self-defense or during any other lawful act. Tolen repeatedly punched Katz in the face after Katz told him he did not want to fight, and Katz did not stand up to prepare to defend himself as Tolen yelled at him.
 Furthermore, Tolen continued punching Katz even though Katz did not fight back. Since there was no evidence from which a rational jury could have found Tolen guilty of involuntary manslaughter, the district court did not abuse its discretion by refusing to give the additional lesser included offense instruction. And on this record, Tolen was fortunate that the district court gave the jury the option of finding him guilty of voluntary manslaughter. He got a good deal with that decision. To ask for more strikes us as a bit greedy.

Tolen also maintains that the district court erred by adding two offense levels for obstruction of justice because he did not "willfully intend to testify falsely" by claiming that he did not intend to harm Katz. We review the district court's finding for clear error.

Tolen argues that he did not intend to harm Katz but only intended to shut him up. Prior to the assault, however, Tolen told Katz that he "will fuck you up." As mentioned, Katz told Tolen that he did not want to fight and he did not stand up to defend himself as Tolen yelled at him. Tolen also continued punching Katz even though Katz never threw a punch himself. He beat Katz so severely that Katz suffered severe head trauma with massive hemorrhaging and a displaced artery at the base of his skull. Despite what Tolen says, it's clear from his actions that he intended to harm Katz. Therefore, the district court did not commit clear error by applying the two-level enhancement for obstruction of justice.

For these reasons, the judgment of the district court is AFFIRMED.