**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010
Decided December 9, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1387

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 3:09-cr-30026-DRH-2 |
| WILLIAM MADISON, <br> *Defendant-Appellant.* | David R. Herndon, <br> *Chief Judge.* |

**O R D E R**

While investigating Jack Curry for drug dealing, agents discovered that William Madison sometimes worked as Curry's courier in exchange for cash or crack cocaine. In June 2008 an informant arranged to buy an ounce of crack from Curry, who said that Madison would make the delivery. The informant and an undercover agent went to Curry's residence, where Madison got into their car and exchanged the crack for currency. Curry later struck a deal with prosecutors and testified at Madison's trial that Madison had delivered crack for him several times, including the controlled buy in June 2008.

A jury found Madison guilty of conspiracy to distribute, and distributing, crack. See 21 U.S.C. §§ 846, 841(a). He was sentenced to a total of 82 months' imprisonment. Madison appeals, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967),

because she has concluded that the appeal is frivolous. Madison did not respond to our invitation to comment on counsel's submission. See CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we review only the potential issues counsel identifies. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Madison could challenge the sufficiency of the evidence supporting his conspiracy conviction. At trial Madison had moved for a judgment of acquittal, see FED. R. CRIM. P. 29(a), on the ground that the evidence established only a buyer/seller relationship with Curry, not a conspiracy. It would be frivolous to press that contention on appeal, since as a practical matter Madison had proved the existence of a conspiracy through his own conduct when he personally delivered the crack that the informant had ordered *from Curry*. Moreover, Curry testified that the June delivery was just the last of many over the preceding year, and Curry's credibility was a question for the jury. See *United States v. Fouse*, 578 F.3d 643, 649-50 (7th Cir. 2009) (concluding that testimony of single witness sufficed to establish conspiracy); *United States v. Payton*, 328 F.3d 910 (7th Cir. 2003) (same).

Counsel next discusses whether Madison could challenge any of several rulings on proposed jury instructions, beginning with the district court's decision to include pattern language on aiding and abetting. See FED. CRIM. JURY INSTRUCTIONS OF THE SEVENTH CIR. 5.06, at 78 (West 1999). When this instruction was proposed by the government, Madison had conceded that it accurately states the law and was relevant to the charge that he distributed crack to the informant and undercover agent in June 2008. But Curry had pleaded guilty to an indictment charging that he "aided and abetted" the very same distribution, and since the details of Curry's plea were disclosed at trial, defense counsel argued that the jury would be confused if it was told that Madison also could be held accountable under the same theory of accomplice liability. Our review would be deferential, *e.g.*, *United States v. DiSantis*, 565 F.3d 354, 359 (7th Cir. 2009); *United States v. Curry*, 538 F.3d 718, 731 (7th Cir. 2008), and we agree with appellate counsel that a challenge to this instruction would be frivolous. Two persons could aid and abet each other in committing the same crime, see, *e.g.*, *United States v. Lewis*, 593 F.3d 765 (8th Cir. 2010); *United States v. Rodriguez-Duran*, 507 F.3d 749, 761 (1st Cir. 2007); *United States v. Morales-Cartagena*, 987 F.2d 849, 853 (1st Cir. 1993), and so trial counsel's concern that Madison's jury might have been confused by the instruction is unfounded.

The other rulings identified by appellate counsel concern three instructions proposed by Madison but refused by the district court. Madison had wanted the court to inform the jury that it could "find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number." See FED. CRIM. JURY INSTRUCTIONS OF THE SEVENTH CIR. 1.09, at 10 (West 1999). This instruction is intended to convey that a jury should not favor the party with the most witnesses, though we have questioned the usefulness of the pattern language in conveying that obvious proposition. *United States v. Hill*, 252 F.3d 919, 922 (7th Cir. 2001). The

commentary to this pattern instruction provides that it "should not be given when the defendant does not call any witnesses," *id*. cmt.. Madison did not testify or put on any witnesses, and so a claim that the district court erred in refusing this instruction would be frivolous. Likewise a claim that the district court erred in refusing Madison's request for a "missing witness" instruction would be frivolous. Madison wanted this instruction because the government had called only the undercover agent and not the informant who was present for the June 2008 drug buy. But defense counsel knew the informant's name and also the name of his lawyer, and yet counsel made no effort to locate or interview the informant. Thus, as the district court recognized, an instruction telling the jury that it could draw an adverse inference from the government's decision not to call the informant as a witness would have been improper. See *DiSantis*, 565 F.3d at 364; *United States v. Gant*, 396 F.3d 906, 911 (7th Cir. 2005).

Although our reasons differ from those of appellate counsel, we are satisfied that it would be frivolous to assert that the district court should have given a "lesser included offense" instruction on simple possession of a controlled substance. Counsel reasons that Madison's proposed instruction on 21 U.S.C. § 844(a) was properly rejected because, as a matter of law, possession of *crack* under that statute is not a lesser-included offense of § 841(a)(1). See *United States v. Upton*, 512 F.3d 394, 402 (7th Cir. 2008). Yet § 844(a) also defines a second crime of simple possession of a *controlled substance*, and that crime—on which Madison sought a defensive instruction—can be a lesser offense of § 841(a)(1), see *id*.; *United States v. Hill*, 196 F.3d 806, 808 (7th Cir. 1999); *United States v. Lucien*, 61 F.3d 366, 373-74 (5th Cir. 1995); *United States v. Michael*, 10 F.3d 838, 839 (D.C. Cir. 1993); but see *United States v. Colon*, 268 F.3d 367, 377 (6th Cir. 2001) (holding that "simple possession is not a lesser-included offense of distribution of a controlled substance"). Nevertheless, at trial Madison neither presented a defense nor elicited evidence from the government's witnesses from which a rational jury could have concluded that he was guilty of simple possession but not guilty of distribution or possession with intent to distribute. See *United States v. Puckett*, 405 F.3d 589, 600 (7th Cir. 2005); *United States v. Hernandez*, 330 F.3d 964, 972 (7th Cir. 2003); *Hill*, 196 F.3d at 807. There was thus no basis for the requested instruction.

Finally, counsel considers whether Madison could challenge the reasonableness of his overall prison sentence. At sentencing Madison persuaded the district court to adopt his position on drug quantity, which led to a guidelines imprisonment range of 70 to 87 months. The 82 months Madison received is within that range and thus is presumed reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any factor that would overcome that presumption, nor have we.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.